IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RUDYARD COLTMAN,**

       Plaintiff,

vs.

**CARRINGTON MORTGAGE SERVICES, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOES 1-10.**

       Defendants.

Case No. 3:24-cv-00368-AA
**OPINION & ORDER**

AIKEN, District Judge:

Plaintiff sued Defendants in state court. Multnomah County Case No. 24CV03703. Defendants removed the case to the District of Oregon on February 28, 2024, and filed their motion to dismiss on March 11, 2024. ECF Nos. 1, 4. Plaintiff failed to respond to the motion to dismiss and has not otherwise appeared in the case. On May 24, 2024, the Court ordered Plaintiff to show cause in writing why this case should not be dismissed. ECF No. 7. The Court warned Plaintiff that failure to comply would result in dismissal without further notice. *Id*.

Page 1 – OPINION & ORDER

This case must be dismissed for failure to comply with the Local Rules, failure to comply with Court orders, and failure to prosecute. Local Rule 7-1(e) requires that A party must file and serve any response within 14 days after service of the motion. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of unopposed motion to dismiss under local rule by deeming litigant's failure to oppose as consent to granting motion); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).

The Court also has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to comply with local rules, the district court is required to "weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first, second, third, and fifth factors weigh in favor of dismissal. Plaintiff's failure to appear in this case has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket.

Plaintiff violated the Local Rules (L.R. 7) by failing to file an opposition or non-opposition to the Motion to Dismiss.

Plaintiff failed to comply with Court orders by failing to respond to the Order to Show Cause. Further, Plaintiff has failed to prosecute the case. This has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

Also, having not responded to the Order to Show Cause, Plaintiff has failed to rebut the presumption that defendants have been prejudiced by this unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir. 1976)). There is no less drastic sanction available as the Court ordered Plaintiff to show cause in writing why the case should not be dismissed, and warned Plaintiff that the case would be dismissed with prejudice if Plaintiff failed to respond. Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal. *See Henderson,* 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

Finally, although the fourth factor always weighs against dismissal, the Court deems Plaintiff's failure to oppose the Motion to Dismiss and failure to appear as consent to dismissal. That is because a plaintiff who fails to raise an issue "in

response to a defendant's motion to dismiss ... has effectively abandoned his claim." *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). Having weighed these factors, the Court finds that dismissal of this action with prejudice is warranted. Judgment shall be entered accordingly.

IT IS SO ORDERED.

Dated this 13th day of    June    2024

                                                  /s/Ann Aiken

Ann Aiken
United States District Judge